JS 44 (Rev. 10/20)                                    **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

---

**I. (a) PLAINTIFFS**
Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG

**DEFENDANTS**
Qilu Pharma Inc.

**(b)** County of Residence of First Listed Plaintiff    Fairfield County, Connecticut
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Chester County, Pennsylvania
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Hall (ID No. 64912); Kyle E. Gray (ID No. 321091)
Saul Ewing Arnstein & Lehr LLP, 1500 Market Street, 38th Floor
Philadelphia, PA 19102; (215) 972-7180; (215) 972-1896

Attorneys *(If Known)*

---

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument |     Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☒ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted |     Liability   ☐ 368 Asbestos Personal | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     Student Loans | ☐ 340 Marine     Injury Product | | ☐ 840 Trademark |     Corrupt Organizations |
|     (Excludes Veterans) | ☐ 345 Marine Product     Liability | | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** | **LABOR** |     Act of 2016 |     (15 USC 1681 or 1692) |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | | ☐ 485 Telephone Consumer |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 371 Truth in Lending |     Act | **SOCIAL SECURITY** |     Protection Act |
| ☐ 190 Other Contract |     Product Liability   ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage |     Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise |     Injury   ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| | ☐ 362 Personal Injury -     Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| |     Medical Malpractice |     Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee |     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |     Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate | |     or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 245 Tort Product Liability |     Accommodations   ☐ 530 General | |     26 USC 7609 |     Act/Review or Appeal of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -   ☐ 535 Death Penalty | **IMMIGRATION** | |     Agency Decision |
| |     Employment   **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of |
| | ☐ 446 Amer. w/Disabilities -   ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | |     State Statutes |
| |     Other   ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education   ☐ 555 Prison Condition | | | |
| |     ☐ 560 Civil Detainee - | | | |
| |       Conditions of | | | |
| |       Confinement | | | |

---

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

---

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 United States Code

Brief description of cause:
This is an action for patent infringement arising out of the patent laws of the United States of America.

---

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

---

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE Judge Shipp and Judge Goodman of the United States District Court for the District of New Jersey
DOCKET NUMBER 3:17-cv-07887 (D.N.J.)
3:21-cv-01732 (D.N.J.)

---

DATE
February 5, 2021

SIGNATURE OF ATTORNEY OF RECORD
*Christopher R. Hall*

---

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Christopher R. Hall (ID No. 64912)
Kyle E. Gray (ID No. 321091)
SAUL EWING ARNSTEIN & LEHR LLP
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102-2186
(215) 972-7180
chris.hall@saul.com

*Attorneys for Plaintiffs Boehringer Ingelheim
Pharmaceuticals, Inc., Boehringer Ingelheim
International GmbH, and Boehringer
Ingelheim Pharma GmbH & Co. KG*

*OF COUNSEL*:
Christopher N. Sipes
Jeffrey Lerner
Alexander Trzeciak
Daniel W. Cho
Tarek Austin
Daniel Lee
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street
San Francisco, CA 94105
(415) 591-6000

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**QILU PHARMA INC.,**<br><br>**Defendant.** | **Civil Action No. _____**<br><br>**(Filed Electronically)** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim International

GmbH, and Boehringer Ingelheim Pharma GmbH & Co. KG (collectively, "Plaintiffs" or

38023454.4

"Boehringer Ingelheim") by their undersigned attorneys, bring this action against Qilu Pharma Inc. ("Defendant" or "Qilu"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C §§ 271 (a–c, e–g), arises from Qilu's submission of Abbreviated New Drug Application ("ANDA") No. 213499 to the United States Food and Drug Administration ("FDA"). Through this ANDA, Qilu seeks approval to market a generic version of the pharmaceutical product GILOTRIF® (afatinib) tablets prior to the expiration of United States Patent No. RE43,431, United States Patent No. 8,426,586, and United States Patent No. 10,004,743 (the "patents-in-suit"). Plaintiffs seek injunctive relief precluding infringement, attorneys' fees, and any other relief the Court deems just and proper.

2. This is also an action under 28 U.S.C. §§ 2201–02 for a declaratory judgment of patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and in particular under 35 U.S.C. §§ 271(a–c, e–g).

## THE PARTIES

3. Plaintiff Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 900 Ridgebury Road, Ridgefield, Connecticut 06877.

4. Plaintiff Boehringer Ingelheim International GmbH is a private limited liability company organized and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

5. Plaintiff Boehringer Ingelheim Pharma GmbH & Co. KG is a limited liability partnership organized and existing under the laws of Germany, having a principle place of business at Binger Strasse 173, 55216 Ingelheim, Germany.

6. On information and belief, defendant Qilu is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business at 101 Lindenwood Drive, Suite 225, Malvern, PA 19355.

7. On information and belief, Qilu prepared and submitted ANDA No. 213499 (the "Qilu ANDA") and continues to collaborate in seeking FDA approval of that application.

8. On information and belief, Qilu intends to commercially manufacture, market, offer for sale, and sell the product described in the Qilu ANDA (the "ANDA Product") throughout the United States, including in the Commonwealth of Pennsylvania, in the event the FDA approves the Qilu ANDA.

## JURISDICTION AND VENUE

9. This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of United States Patent No. RE43,431 ("the '431 Patent"), United States Patent No. 8,426,586 ("the '586 Patent"), and United States Patent No. 10,004,743 ("the '743 Patent"). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 2201–02.

10. This court has jurisdiction over Qilu. On information and belief, Qilu is a corporation organized and existing under the laws of Pennsylvania, having its principal place of business within the Eastern District of Pennsylvania, at 101 Lindenwood Drive, Suite 225, Malvern, PA 19355.

11. On information and belief, Qilu regularly and continuously transacts business within the Eastern District of Pennsylvania, including by selling pharmaceutical products in the Eastern District of Pennsylvania, either on its own or through an affiliate. Upon information and belief, Qilu derives substantial revenue from the sale of those products in the Eastern District of Pennsylvania and has availed itself of the privilege of conducting business within the Eastern

District of Pennsylvania. Further, Qilu has committed, or aided, abetted, contributed to and/or participated in the commission of, acts of patent infringement that will lead to foreseeable harm and injury to Plaintiffs, which manufacture GILOTRIF® for sale and use throughout the United States, including in this Judicial District.

12. On information and belief, Qilu has participated or aided and abetted in the preparation or submission of the Qilu ANDA. On information and belief, in the event that the FDA approves the Qilu ANDA, Qilu intends to commercially manufacture, import, market, offer for sale, and sell the ANDA Product throughout the United States and in this Judicial District.

13. Venue is proper in this Judicial District for Qilu pursuant to 28 U.S.C. § 1400(b). On information and belief, Qilu is incorporated under the laws of Pennsylvania. Further, upon information and belief, Qilu maintains its principal place of business within the Eastern District of Pennsylvania, at 101 Lindenwood Drive, Suite 225, Malvern, PA 19355. The Eastern District of Pennsylvania is thus "the judicial district where [Qilu] resides," and venue is proper pursuant to § 1400(b).

## BOEHRINGER INGELHEIM'S APPROVED GILOTRIF® DRUG PRODUCT AND PATENTS

14. Boehringer Ingelheim makes and sells GILOTRIF®, a product used in the first-line treatment of metastatic non-small cell lung cancer ("NSCLC") where the tumors have non-resistant epidermal growth factor receptor (EGFR) mutations as detected by an FDA-approved test. GILOTRIF® is also used to treat metastatic, squamous NSCLC that progresses after platinum-based chemotherapy. A true and correct copy of the prescribing label for GILOTRIF® is attached as Exhibit 1.

15. The active ingredient in GILOTRIF® is afatinib.

16. Boehringer Ingelheim Pharmaceuticals, Inc. is the holder of New Drug Application ("NDA") No. 201292 for GILOTRIF® and the licensee of the patents-in-suit.

17. The FDA approved NDA No. 201292 for GILOTRIF® in July 2013, and granted GILOTRIF® five years of regulatory exclusivity for a new chemical entity pursuant to 21 C.F.R. § 314.108. The FDA also granted GILOTRIF® orphan drug exclusivity pursuant to 21 C.F.R. § 316.31.

18. Boehringer Ingelheim Pharma GmbH & Co. KG owns the '431 Patent. Boehringer Ingelheim International GmbH owns the '586 and '743 Patents. The '431, '586, and '743 Patents are listed in the Approved Drug Products With Therapeutic Equivalence Evaluations (an FDA publication commonly known as the "Orange Book") for GILOTRIF®.

19. The '431 Patent is entitled "Quinazoline Derivatives and Pharmaceutical Compositions Containing Them" and was duly and lawfully issued by the USPTO on May 29, 2012. A true and correct copy of the '431 Patent is attached as Exhibit 2.

20. The '586 Patent is entitled "Process for Preparing Amino Crotonyl Compounds" and was duly and lawfully issued by the USPTO on April 23, 2013. A true and correct copy of the '586 Patent is attached as Exhibit 3.

21. The '743 Patent is entitled "Process for Drying of BIBW2992, of its Salts and of Solid Pharmaceutical Formulations Comprising this Active Ingredient" and was duly and lawfully issued by the USPTO on June 26, 2018. A true and correct copy of the '743 Patent is attached as Exhibit 4.

### QILU'S ANDA AND NOTICE OF PARAGRAPH IV CERTIFICATION

22. On information and belief, Qilu has submitted or caused to be submitted ANDA No. 213499 to the FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the

commercial manufacture, use, or sale of Afatinib Tablets, as a purported generic version of GILOTRIF®, prior to the expiration of the patents-in-suit.

23.     On information and belief, on or about December 22, 2020, Qilu mailed Plaintiffs a letter regarding "Notice of Certification Under 21 U.S.C. § 355(j)(2)(B)(ii) (§ 505(j)(2)(B)(i)(ii) of the Federal Food, Drug and Cosmetic Act) and 21 C.F.R. § 314.95" (the "Notice Letter"). The Notice Letter represented that Qilu had submitted to the FDA the Qilu ANDA and a purported Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the product described in the Qilu ANDA before the expiration of patents listed in the Orange Book for GILOTRIF®. Hence, Qilu seeks through the Qilu ANDA to manufacture and market the ANDA Product before the expiration of the patents-in-suit.

24.     Qilu's Notice Letter stated that the Paragraph IV certification in the Qilu ANDA alleges that the '431, '586, and '743 Patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the ANDA Product.

25.     Qilu's Notice Letter contained a purported detailed statement of the factual and legal basis for its Paragraph IV certification ("Detailed Statement for ANDA 213499").

26.     Qilu's Notice Letter included an Offer of Confidential Access to the Qilu ANDA, subject to stated terms and restrictions. In response to the Letter, which imposed unreasonable restrictions on Boehringer Ingelheim's ability to access the Qilu ANDA, Boehringer Ingelheim sought to negotiate reasonable "restrictions as to persons entitled to access, and on the use and disposition of any information accessed, as would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." 21 U.S.C. § 355(j)(5)(C)(i)(III). Despite Boehringer Ingelheim's good faith efforts to negotiate reasonable

restrictions, it was unable to reach an agreement with Qilu under which Boehringer Ingelheim could confidentially access the Qilu ANDA.

27. On information and belief, Qilu has participated in the preparation and submission of the Qilu ANDA, has provided material support to the preparation and submission of the Qilu ANDA, and intends to support the further prosecution of the Qilu ANDA.

28. On information and belief, if the FDA approves the Qilu ANDA, Qilu will manufacture, offer for sale, or sell the ANDA Product within the United States, including within Pennsylvania, or will import the ANDA Product into the United States, including Pennsylvania.

29. On information and belief, if the FDA approves the Qilu ANDA, Qilu will actively induce or contribute to the manufacture, use, offer for sale, or sale of the ANDA Product.

30. This action is pursuant to 21 U.S.C. § 355(j)(5)(B)(iii), and was filed on February 5, 2021, which is within forty-five days of Plaintiffs' receipt of the Notice Letter.

## COUNT 1
## <u>INFRINGEMENT OF THE '431 PATENT</u>

31. Plaintiffs incorporate by reference paragraphs 1-30 as if fully set forth herein.

32. On information and belief, Qilu has submitted or caused the submission of the Qilu ANDA to the FDA and continues to seek FDA approval of the Qilu ANDA.

33. Qilu has infringed the '431 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Qilu ANDA with a Paragraph IV certification and seeking FDA approval of the Qilu ANDA prior to the expiration of the '431 Patent.

34. On information and belief, if the Qilu ANDA is approved, Qilu and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Product in the United States, including in the Commonwealth of Pennsylvania, directly infringing the '431 Patent.

35.    Qilu's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of the '431 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 213499, Qilu will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby directly infringe, induce the infringement of and/or contribute to the infringement of one or more claims of the '431 Patent.

36.    Qilu had actual and constructive notice of the '431 Patent prior to filing the Qilu ANDA and was aware that the request for FDA approval of the Qilu ANDA prior to the expiration of the '431 Patent would constitute an act of infringement of the '431 Patent. Qilu had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not directly infringe, induce the infringement of, and/or contribute to the infringement of the '431 Patent.

37.    Qilu's Detailed Statement in the Notice Letter lacks any contention that the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of any claim of the '431 Patent.

38.    In addition, Qilu filed the Qilu ANDA without adequate justification for asserting the '431 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Qilu's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '431 Patent renders this case "exceptional" under 35 U.S.C. § 285.

39.    Plaintiffs will be irreparably harmed if Qilu is not enjoined from infringing and from actively inducing or contributing to the infringement of the '431 Patent. Plaintiffs do not have

an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Qilu, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 2**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '431 PATENT**

40.     Plaintiffs incorporate by reference paragraphs 1-39 as if fully set forth herein.

41.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

42.     On information and belief, if the Qilu ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the Commonwealth of Pennsylvania, by or through Qilu and its affiliates, which will directly infringe the '431 Patent.

43.     On information and belief, Qilu knows that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Qilu ANDA, and Qilu will therefore induce the infringement and/or contribute to the infringement of one or more claims of the '431 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

44.     On information and belief, Qilu's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Qilu ANDA. Any such conduct before the '431 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '431 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

45.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Qilu concerning liability for the infringement of the

'431 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

46. Plaintiffs will be substantially and irreparably harmed by Qilu's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

47. This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

**COUNT 3**
**INFRINGEMENT OF THE '586 PATENT**

48. Plaintiffs incorporate by reference paragraphs 1-47 as if fully set forth herein.

49. On information and belief, Qilu has submitted or caused the submission of the Qilu ANDA to the FDA and continues to seek FDA approval of the Qilu ANDA.

50. On information and belief, Qilu has infringed the '586 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Qilu ANDA with a Paragraph IV certification and seeking FDA approval of the Qilu ANDA prior to the expiration of the '586 Patent.

51. On information and belief, if the Qilu ANDA is approved, Qilu and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Product in the United States, including in the Commonwealth of Pennsylvania, directly infringing the '586 Patent.

52. On information and belief, Qilu's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of the '586 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 213499, Qilu will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United

States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '586 Patent.

53. Qilu had actual and constructive notice of the '586 Patent prior to filing the Qilu ANDA, and was aware that the filing of the Qilu ANDA with the request for FDA approval prior to the expiration of the '586 Patent would constitute an act of infringement of the '586 Patent. On information and belief, Qilu had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not contribute to the infringement of and/or induce the infringement of the '586 Patent.

54. In addition, on information and belief, Qilu filed the Qilu ANDA without adequate justification for asserting the '586 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Qilu's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '586 Patent renders this case "exceptional" under 35 U.S.C. § 285.

55. Plaintiffs will be irreparably harmed if Qilu is not enjoined from infringing and from actively inducing or contributing to the infringement of the '586 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Qilu, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 4**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '586 PATENT**

56. Plaintiffs incorporate by reference paragraphs 1-55 as if fully set forth herein.

57. Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

58.     On information and belief, if the Qilu ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the Commonwealth of Pennsylvania, by or through Qilu and its affiliates.

59.     On information and belief, Qilu knows that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Qilu ANDA and Qilu will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '586 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

60.     On information and belief, Qilu's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Qilu ANDA. Any such conduct before the '586 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '586 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

61.     As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Qilu concerning liability for the infringement of the '586 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

62.     Plaintiffs will be substantially and irreparably harmed by Qilu's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

63.     This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

## COUNT 5
## INFRINGEMENT OF THE '743 PATENT

64.     Plaintiffs incorporate by reference paragraphs 1-63 as if fully set forth herein.

65. On information and belief, Qilu has submitted or caused the submission of the Qilu ANDA to the FDA and continues to seek FDA approval of the Qilu ANDA.

66. On information and belief, Qilu has infringed the '743 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Qilu ANDA with a Paragraph IV certification and seeking FDA approval of the Qilu ANDA prior to the expiration of the '743 Patent.

67. On information and belief, if the Qilu ANDA is approved, Qilu and its affiliates will make, offer for sale, sell, or otherwise distribute the ANDA Product in the United States, including in the Commonwealth of Pennsylvania, directly infringing the '743 Patent.

68. On information and belief, Qilu's commercial manufacture, use, offer for sale, sale, or importation into the United States of the ANDA Product would directly infringe, actively induce infringement, and/or contribute to infringement of the '743 Patent. Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 213499, Qilu will make, use, offer to sell, or sell the ANDA Product within the United States, or will import the ANDA Product into the United States, and will thereby contribute to the infringement of and/or induce the infringement of one or more claims of the '743 Patent.

69. Qilu had actual and constructive notice of the '743 Patent prior to filing the Qilu ANDA, and was aware that the filing of the Qilu ANDA with the request for FDA approval prior to the expiration of the '743 Patent would constitute an act of infringement of the '743 Patent. On information and belief, Qilu had no reasonable basis for asserting that the commercial manufacture, use, offer for sale, or sale of the ANDA Product will not contribute to the infringement of and/or induce the infringement of the '743 Patent.

–13–

70.     Qilu's Detailed Statement in the Notice Letter lacks any sufficient contention that the ANDA Product will not infringe, contribute to the infringement of, or induce the infringement of the '743 Patent.

71.     In addition, on information and belief, Qilu filed the Qilu ANDA without adequate justification for asserting the '743 Patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the ANDA Product. Qilu's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '743 Patent renders this case "exceptional" under 35 U.S.C. § 285.

72.     Plaintiffs will be irreparably harmed if Qilu is not enjoined from infringing and from actively inducing or contributing to the infringement of the '743 Patent. Plaintiffs do not have an adequate remedy at law, and considering the balance of hardships between Plaintiffs and Qilu, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

**COUNT 6**
**DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '743 PATENT**

73.     Plaintiffs incorporate by reference paragraphs 1-72 as if fully set forth herein.

74.     Plaintiffs' claims also arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

75.     On information and belief, if the Qilu ANDA is approved, the ANDA Product will be made, offered for sale, sold, or otherwise distributed in the United States, including in the Commonwealth of Pennsylvania, by or through Qilu and its affiliates.

76.     On information and belief, Qilu knows that health care professionals or patients will use the ANDA Product in accordance with the labeling sought by the Qilu ANDA and Qilu

will therefore contribute to the infringement of and/or induce the infringement of one or more claims of the '743 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

77.    On information and belief, Qilu's infringing activity, including the commercial manufacture, use, offer to sell, sale, or importation of the ANDA Product complained of herein will begin immediately after the FDA approves the Qilu ANDA. Any such conduct before the '743 Patent expires will contribute to the infringement of and/or induce the infringement of one or more claims of the '743 Patent under one or more of 35 U.S.C. §§ 271(a), (b), (c), (f) and (g).

78.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and Qilu concerning liability for the infringement of the '743 Patent for which this Court may grant declaratory relief consistent with Article III of the United States Constitution.

79.    Plaintiffs will be substantially and irreparably harmed by Qilu's infringing activities unless those activities are enjoined by this Court. Plaintiffs have no adequate remedy at law.

80.    This case is exceptional, and Plaintiffs are entitled to an award of attorneys' fees under 35 U.S.C. § 285.

### STATEMENT REGARDING PRIOR-FILED SUIT

81.    On February 2, 2021, Plaintiffs filed an action in the District of New Jersey, seeking to enjoin Qilu from infringing the '431, '586, and '743 Patents. That action has been assigned Civil Action No. 3:21-cv-01732 ("the D.N.J. Action"). The D.N.J. action is assigned to Judge Michael A. Shipp.

82.    In the D.N.J. Action, Plaintiffs allege that the United States District Court for the District of New Jersey has personal jurisdiction and venue over Qilu with regard to Plaintiffs' claims of patent infringement.

–15–

83.    Judicial economy would be promoted, and Plaintiffs' choice of forum respected, if the claims related to Plaintiffs' action for infringement of the '431, '586, and '743 Patents are addressed by Judge Shipp in the District of New Jersey.

84.    Pursuant to 21 U.S.C. § 355(j)(B)(iii), a patent owner has 45 days from receipt of an ANDA Notice Letter to file suit in order to perfect its statutory right to a stay of FDA approval of an ANDA pending resolution of litigation regarding the submission of such ANDA. Plaintiffs filed this action as a further protective measure with regard to this statutory right.

85.    Plaintiffs expect that personal jurisdiction and venue will be maintained in the District of New Jersey and that the action will proceed in that forum. In that circumstance, this action would be unnecessary and will be voluntarily dismissed without prejudice in favor of continued prosecution of the D.N.J. Action, transferred to the District of New Jersey for consolidation with the D.N.J. Action, or subject to such other non-substantive disposition that would ensure maintenance of Plaintiffs' rights pursuant to 21 U.S.C. § 355(j)(B)(iii).

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, Plaintiffs respectfully request the following relief:

(a)    A Judgment that Qilu infringes the '431, '586, and '743 Patents  under 35 U.S.C. § 271(e)(2)(A);

(b)    The entry of an Order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of ANDA No. 213499 shall be no earlier than the expiration date of the '431, '586, and '743 Patents, or any later expiration of exclusivity for the '431, '586, and '743 Patents, including any extensions or regulatory exclusivities;

(c)    A Declaratory Judgment that under one or more of 35 U.S.C. § 271(a), (b), (c), (f) and (g), Qilu's commercial manufacture, use, offer for sale, or sale in, or importation into, the

United States of the ANDA Product, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the '431, '586, and '743 Patents;

(d)    A Permanent Injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Qilu, its affiliates and subsidiaries, and all persons and entities acting in concert with Qilu from commercially manufacturing, using, offering for sale, or selling or importing any product that infringes '431, '586, and '743 Patents, including the ANDA Product described in ANDA No. 213499;

(e)    A Declaration under 28 U.S.C. § 2201 that if Qilu, its officers, agents, servants, employees, licensees, representatives, and attorneys, and any other persons acting or attempting to act in active concert or participation with them or acting on their behalf, engages in the commercial manufacture, use, offer for sale, sale and/or importation of the product described in ANDA No. 213499, it will constitute an act of direct and/or indirect infringement of the '431, '586, and '743 Patents;

(f)    An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Qilu engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the ANDA Product, or any product that infringes the '431, '586, or '743 Patents, or induces or contributes to such conduct, prior to the expiration of the '431, '586, or '743 Patents, or any later expiration of exclusivity for the '431, '586, and '743 Patents, including any extensions or regulatory exclusivities;

(g)    The entry of Judgment declaring that Qilu's acts render this case an exceptional case, and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

(h)    An award to Plaintiffs of their costs and expenses in this action; and

(i)    Such other and further relief this Court deems just and proper.

–18–

Dated: February 5, 2021

*OF COUNSEL*:

Christopher N. Sipes
Jeffrey Lerner
Alexander Trzeciak
Daniel W. Cho
Tarek Austin
Daniel Lee
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street
San Francisco, CA 94105
(415) 591-6000

By: s/ Christopher R. Hall
    Christopher R. Hall (ID No. 64912)
    Kyle E. Gray (ID No. 321091)
    SAUL EWING ARNSTEIN & LEHR LLP
    Centre Square West
    1500 Market Street, 38th Floor
    Philadelphia, PA 19102-2186
    (215) 972-7180
    chris.hall@saul.com

*Attorneys for Plaintiffs*
*Boehringer Ingelheim Pharmaceuticals,*
*Inc., Boehringer Ingelheim International*
*GmbH, and Boehringer Ingelheim*
*Pharma GmbH & Co. KG*

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___900 Ridgebury Road, Ridgefield, Connecticut 06877; Binger Strasse 173, 55216 Ingelheim, Germany___

Address of Defendant: ___101 Lindenwood Drive, Suite 225, Malvern, Pennsylvania 19355___

Place of Accident, Incident or Transaction: ___Throughout the United States, including in this Judicial District.___

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/05/2021__  ___*Christopher R. Hall*___   ___64912___
                   *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*  **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☑ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.*  **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Christopher R. Hall___, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☑ Relief other than monetary damages is sought.

DATE: __02/05/2021__  ___*Christopher R. Hall*___   ___64912___
                   *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>**

|  |  |
|---|---|
| **BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM INTERNATIONAL GMBH, and BOEHRINGER INGELHEIM PHARMA GMBH & CO. KG,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **QILU PHARMA INC.,** <br><br> **Defendant.** | **Civil Action No. _____** <br><br> **(Filed Electronically)** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                              (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      **(X)**

(f) Standard Management – Cases that do not fall into any one of the other tracks.            (  )

February 5, 2021                 _Christopher R. Hall_              Plaintiffs
**Date**                         **Attorney-at-law**               **Attorney for**

215.972.7180                     215.972.7725                      chris.hall@saul.com
**Telephone**                    **FAX Number**                    **E-Mail Address**

**(Civ. 660) 10/02**